IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| TAVARUS MONTGOMERY, | * | |
| ADC #134297, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 2:11-cv-00200-SWW-JJV |
| MARCUS ETHERLY, Lt. East Arkansas | * | |
| Regional Unit, Arkansas Department of | * | |
| Correction, *et al*; | * | |
| | * | |
| Defendants. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing

1

is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Before the Court are Defendants' First and Second Motions to Dismiss for Failure to State a Claim (Doc. Nos. 23, 29). Plaintiff has not responded.

According to his Complaint (Doc. No. 2), Mr. Montgomery was allegedly found with a weapon while on work detail. (*Id.* at 5.) He was placed in isolation and forced to stand up for ten hours. *Id.* For the next forty-two days he was placed on disciplinary court review and bounced around from cell to cell, but no disciplinary charges were initiated. *Id.* He remained in "investigative status" for 165 days where his privileges were greatly reduced, including limited access to a shower, phone, contact visitation, and religious services. (*Id*. at 6-7.)

Defendants argue that Plaintiff's experiences fail to amount to the deprivation of a constitutional liberty interest, so his Complaint should be dismissed (Doc. Nos. 23, 29).

## II. MOTION TO DISMISS

FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*[1], the Supreme Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level."[2] A complaint must contain enough facts to state a claim to relief that is plausible on its face.[3]

### A. Due Process

Plaintiff has a due process liberty interest in his confinement only if it presents circumstances which are atypical and significant from the ordinary incidents of prison life. *Sandin v. Conner.*[4] In determining whether his restrictions are atypical and significant, the court should consider the effect of the segregation on the length of prison confinement, the extent to which the conditions differ from other prison conditions, and the duration of the segregation imposed.[5] The United States Court of Appeals for the Eighth Circuit held that administrative and disciplinary segregation are not the kind of atypical and significant deprivations which create a liberty interest under *Sandin*.[6] In addition,

---

[1] 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted).

[2] *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

[3] *Twombly*, 550 U.S. at 570. *See also Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

[4] 515 U.S. 472, 484-486 (1995)

[5] *Id.* at 484

[6] *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002) (no liberty interest in thirty-days' disciplinary confinement); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (no liberty interest in ten days confinement to ad seg); and *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)

the Eighth Circuit Court of Appeals held that an inmate's placement in segregation for twenty-six months did not create an atypical and significant hardship in relation to the ordinary incidents of prison life.[7]

The Court does understand that Mr. Montgomery indeed encountered difficulty while placed on "investigative status" for 165 days. Nevertheless, placement in administrative segregation without a hearing under these circumstances is not a constitutional deprivation.

Inasmuch as Plaintiff alleges that prison policy was violated, violation of prison policy is insufficient to state a constitutional claim.[8] And while Plaintiff contends that the time he was on "investigative status" was without penological justification, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."[9]

Therefore, based on the allegations in his Complaint, the Court finds that Plaintiff's confinement in administrative segregation did not present an atypical and significant hardship to create a liberty interest under the due process clause. Therefore, the Complaint should be dismissed.

Defendants touch on Plaintiff's claims of malicious prosecution and false imprisonment as intertwined with the due process claims. While giving Plaintiff all benefit of the doubt, the Court will specifically address other claims possibly alleged in the Complaint.[10]

---

(no liberty interest in thirty days' disciplinary confinement).

[7]*Rahman X. v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).

[8]See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir.1997) (no § 1983 liability for violation of prison policy).

[9]*Sandin*, 515 U.S. at 482.

[10]The Court is obligated to screen unworthy claims. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim

The "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution."[11] The Eighth Circuit Court of Appeals has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."[12] *Id.* And Plaintiff's allegation of slander "is not actionable under section 1983."[11] A person's interest in their reputation is neither a liberty interest nor a property interest protected by the due process clause.[12] Lastly, Plaintiff's claim for monetary relief for false imprisonment is a tort under Arkansas state law, and does not arise under the United States Constitution or a federal statute.[13] Because this claim does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy.[14] And when all of a plaintiff's federal claims should be dismissed, a federal district court may decline to exercise jurisdiction over any remaining state-law claims.[12] So the Court should decline to exercise jurisdiction over Plaintiff's false imprisonment claim.

---

upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[11] *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir.2001).

[12] *Id.*

[11] *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir.1981). See also *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir.1988)(A cause of action for damage to character or reputation is not cognizable under § 1983).

[12] *Paul v. Davis*, 424 U.S. 693 (1976).

[13] See *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999).

[14] See, e.g., *Collier v. City of Springdale*, 733 F.2d 1311, 1313 (8th Cir.1984) (deprivation of a right secured by the Constitution or laws of the United States is essential element of § 1983 action).

[12] 28 U.S.C. § 1367(c)(3).

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' First and Second Motions to Dismiss (Doc. Nos. 23, 29) be GRANTED;

2.    Plaintiff's cause of action be DISMISSED with prejudice.

3.    This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[13]

IT IS SO ORDERED this 7th day of November, 2012.

                                  JOE J. VOLPE
                                  UNITED STATES MAGISTRATE JUDGE

---

[13] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.